IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER CAMPBELL and MARLENE CAMPBELL (h/w)** | : | **CIVIL ACTION NO. 05-972** |
| | : | |
| v. | : | |
| | : | |
| **BANK OF AMERICA, NA** | : | |

**OPINION**

**Norma L. Shapiro, J.**                                                                                                 **August 11, 2009**

This action arises from defendant's failure to record satisfaction of a mortgage secured by property jointly owned by plaintiffs. The action, arising under Pennsylvania state law and filed in state court, was properly removed to this court under 28 U.S.C. § 1332 (diversity jurisdiction). The matter was tried without a jury. This opinion constitutes the court's findings and conclusions under Federal Rule of Civil Procedure 52(a)(1).[1]

**I.   BACKGROUND**[2]

On February 10, 1998, plaintiffs acquired title to real property consisting of 2.302 acres located at 746 Langhorne-Yardley Road in Middletown Township, Pennsylvania (Bucks County Parcel Number 22-21-42-2) (hereinafter, the "Property"). On or about November 3, 2000, the

---

[1] Federal Rule of Civil Procedure 52(a)(1) provides in relevant part, "In an action tried on the facts without a jury . . ., the court must find the facts specially and state its conclusions of law separately. The findings and conclusions . . . may appear in an opinion or a memorandum of decision filed by the court."

[2] Upon removal from state court on February 28, 2005, this action was assigned to the calendar of Judge Clifford Scott Green. On June 8, 2007, following the death of Judge Green, the action was reassigned to Judge Bruce Kauffman. On July 15, 2009, following Judge Kauffman's retirement from the bench, the action was reassigned to Judge Norma L. Shapiro.

Campbells obtained a construction loan in the amount of $389,200 from Summit Bank.[3]  The construction loan was secured by: (1) a mortgage on the Property (hereinafter, the "Mortgage"); (2) mortgages on three commercial or investment properties owned by the Campbells; and (3) certificates of deposit totaling $89,000 purchased by the Campbells from Summit Bank.  The Mortgage was recorded in the Office of the Bucks County Recorder.  The Campbells used the construction loan to build a home on one of the two subdivided lots on the Property (hereinafter, "Plot A" and "Plot B").  Upon the building's completion, the Campbells repaid the construction loan by obtaining a permanent mortgage on Plot A, on which their residence was built; they planned to sell Plot B.

On May 18, 2001, the Campbells attended a closing on the permanent mortgage during which they tendered full payment of $391,006.47, inclusive of interest and fees, of the construction loan to Joseph Campbell (of no relation to plaintiffs), an employee of Summit Bank.  Before and after the closing, Walter Campbell made numerous oral demands for a satisfaction piece for the Mortgage to document plaintiffs' repayment of the construction loan and clear the Property of the encumbrance.[4]  By letter of June 27, 2003, Walter Campbell submitted a written request for the satisfaction piece (Pl. Ex. 5).  By letter dated June 18, 2004, Walter Campbell acknowledged receiving satisfaction pieces for the three other mortgages used as security for the

---

[3] Summit Bank was acquired by Fleet National Bank, which was acquired by Bank of America.  At trial, Bank of America stated it was successor in interest to Summit Bank and Fleet National Bank.

[4] Judge Green held that a two-year statute of limitations applies to plaintiffs' claims.  See 42 Pa. Cons. Stat. § 5524.  Because plaintiffs filed this action on January 21, 2005, any requests for satisfaction before January 21, 2003 are not cognizable.  Memorandum and Order of October 25, 2006, p. 4 (paper no. 26).

construction loan, but not the satisfaction piece for the Mortgage secured by the Property (Pl. Ex. 8). On August 25, 2004, Bank of America tendered a satisfaction piece for the Mortgage. On September 8, 2004, the Campbells recorded the satisfaction piece with the recorder of deeds. Bank of America does not contest these facts. The Campbells filed this action in state court on January 21, 2005.

**II.   DISCUSSION**

The Campbells claim they are entitled to damages under 21 P.S. §§ 681 and 682[5] for defendant's failure to record satisfaction of the Mortgage.[6] The statute provides, in relevant part:

> § 681.  Satisfaction of mortgage on margin of record or by satisfaction piece
>
> Any mortgagee of any real or personal estates in the Commonwealth, having received full satisfaction and payment of all such sum and sums of money as are really due to him by such mortgage, shall, at the request of the mortgagor, enter satisfaction either upon the margin of the record of such mortgage recorded in the said office or by means of a satisfaction piece, which shall forever thereafter discharge, defeat and release the same; and shall likewise bar all actions brought, or to be brought thereupon.
>
> § 682.  Fine for neglect
>
> And if such mortgagee, by himself or his attorney, shall not, within forty-five days after request and tender made for his reasonable charges, RETURN to the said office, and there make such acknowledgment as aforesaid, he, she or they, neglecting so to do, shall for every such OFFENCE, forfeit and pay, unto the party or parties aggrieved, any sum not exceeding the mortgage-money, to be recovered

---

[5] Defendant argued that, because 21 P.S. §§ 681 and 682 were repealed on December 9, 2002, plaintiffs' claim is governed by the Mortgage Satisfaction Act, 21 P.S. § 721-6(d)(1). Rejecting this argument, Judge Green held that plaintiffs' claims are governed by 21 P.S. §§ 681 and 682 because the mortgage was satisfied on May 18, 2001, before the repeal became effective February 7, 2003. Memorandum and Order of December 21, 2005 (paper no. 14).

[6] Judge Green granted summary judgment for defendant on plaintiffs' claims for common law fraud, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and attorney's fees. Memorandum and Order of October 25, 2006 (paper no. 26).

in any Court of Record within this Commonwealth, by bill, complaint or information.

Claiming Bank of America provided the satisfaction piece 380 days after receipt of Walter Campbell's written request and the 45-day grace period under 21 P.S. § 682, the Campbells seek $389,200, the maximum damages allowed by statute. The Campbells contend: (1) strict proof of actual damages should not be required because the harm arising from defendant's violation is difficult to quantify; (2) Section 682 provides liquidated damages as a remedy for defendant's extensive delay in recording satisfaction; and (3) the legislature intended the penalty under 21 P.S. § 682 to be in proportion to amount of the mortgage: "If the size of the transaction is large the penalty may likewise be large." Pl. Trial Memorandum, p. 3 (paper no. 36).

At trial, plaintiffs presented evidence of their purported damages. Mr. Campbell testified he was embarrassed when he attempted to sell Plot B and the buyers discovered the uncleared encumbrance. However, it seems unlikely that the Campbells had reason to be embarrassed by the buyers' discovery of the lien. The transaction was satisfactorily completed and plaintiffs received the full purchase price; they were not required to indemnify the buyers against a potential claim from defendant. Mrs. Campbell, who might also have been embarrassed, was present in the courtroom but did not testify.

Mr. Campbell testified that defendant's violation prevented plaintiffs from purchasing investment property in North Brigantine, New Jersey. Plaintiffs, who own several properties at the New Jersey shore including six in Brigantine, were planning to purchase two units of a duplex property offered by the developer for $219,900 each, for a total investment of $439,800.

4

The seller's terms of sale offered the properties for $391,000 if plaintiffs paid cash; plaintiffs would have to tender a non-refundable $50,000 deposit and the balance in cash within 30 days. Mr. Campbell testified that plaintiffs were unable to obtain a timely home equity loan on the Property because the potential lender discovered, in addition to the permanent mortgage, a lien for the Mortgage recorded as unsatisfied.  Plaintiffs produced no documentary evidence of the bank's rejection or proof the bank would have granted financing if the Property had been encumbered by one mortgage instead of two.  Mr. Campbell testified that plaintiffs refused to pursue financing by using one of several other properties they owned as collateral because that alternative would have been more expensive.  Plaintiffs offered no evidence of why the use of alternative collateral would have made financing the North Brigantine properties more expensive.[7]

Mr. Campbell testified that the North Brigantine properties he had hoped to purchase in 2004 for $215,000 are each worth $570,000 today, an appreciation of more than 265%.  Plaintiffs did not provide an appraisal of the North Brigantine properties and proffered no evidence for the court to credit this estimate.  Plaintiffs offered no evidence of litigation expenses incurred in bringing this action to trial.  Reasonable attorney's fees might have been recoverable as damages arising from defendant's violation (although not as an independent claim under state law), but plaintiffs failed to present evidence of litigation costs or argue for such an award.  The evidence of record demonstrates that plaintiffs suffered no actual monetary damages resulting from defendant's violation of 21 P.S. § 681.

---

[7] Mr. Campbell testified that he chose not redeem the certificates of deposit because they were producing income at an attractive interest rate.

The Campbells suffered some frustration from defendant's violation, as evidenced by Mr. Campbell's visibly emotional and angry demeanor during his testimony. Although Mr. Campbell is a knowledgeable attorney and real estate investor, he failed to take legal action until nearly four years after settlement of the Mortgage. The Campbells' delay in taking action suggests their frustration was not as great as they claim.[8]

Both parties agree that the quantum of damages to be awarded under 21 P.S. § 682 is discretionary. Plaintiffs failed to present evidence justifying their demand for $389,200, but are entitled to a reasonable amount to compensate for the inconvenience and frustration caused by defendant's violation. The court will award damages of $3,892.00 under 21 P.S. § 682.

Plaintiffs also seek one percent of the delinquency for defendant's failure to enter satisfaction of the Mortgage under 42 Pa. Cons. Stat. § 8104, which provides in relevant part:

Duty of judgment creditor to enter satisfaction

   (a) GENERAL RULE.-- A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

   (b) LIQUIDATED DAMAGES.-- A judgment creditor who shall willfully or unreasonably fail without good cause or refuse for more than 90 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each month of delinquency beyond such 90 days, but not less than $ 250 nor more than $ 2,500. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

---

[8] During the relevant time period, Summit Bank was acquired by Fleet Bank, which was acquired by Bank of America. Soon after Bank of America acquired Fleet Bank, the Campbells received the missing satisfaction piece. Bank of America acted promptly in response to plaintiffs' written demand for the satisfaction piece.

The plain language of the statute applies to satisfaction of judgments, not mortgages. Plaintiffs fail to allege or prove that defendant is a creditor who received satisfaction of a judgment in a tribunal of this Commonwealth. To the contrary, plaintiffs claim they satisfied the mortgage voluntarily and not under compulsion. Plaintiffs have failed to state a claim under 42 Pa. Cons. Stat. § 8104.

### III.   CONCLUSION

Plaintiffs, having established defendant violated 21 P.S. §§ 681 and 682, are entitled to statutory damages in the amount of $3,892.00 as a penalty and compensation for plaintiffs' pain and suffering, with no prejudgment interest. A judgment order follows.